KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD COMPANY *v.* SARAH D. McSHAN.

RAILROADS.   *Getting off train in dark.   Contributory negligence.*

A woman who was injured while debarking from a railroad train in the dark, and who is otherwise entitled to recover therefor, is not, as a matter of law, guilty of contributory negligence in leaving· the train unaided, merely because she could have gotten off safely by the aid of an attendant.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Mrs. McShan, appellant, was plaintiff in the court below; the railroad company, ·appellee, was defendant there. The opinion states the case.

*J. W. Buchanan* and *Allen & Robbins*, for appellant.

This court has, in many cases, settled the question that ordinarily it is not the duty of the conductor to assist passengers from the train; that if a person in feeble condition takes a train, it is his duty to provide an assistant, or to notify the employes of the company of his condition, and ask for assistance in alighting from the train.   *New Orleans, etc., Ry. Co.* v. *Statham*, 42 Miss., 613; *Sevier* v. *Railroad Co.*, 61 Miss., 10; *Zachery* v. *Mobile, etc. Ry. Co.*, 74 Miss., 523.

The main contention of the appellee's counsel is, that the light at the depot was not sufficient for passengers to safely alight from the train.

Admitting, for the sake of argument, that the light was insufficient, nevertheless, we contend that appellee, in having.

failed to provide an assistant, or having failed to notify the railroad employes of her condition and to ask for assistance in alighting from the train she was guilty of contributory negligence, and cannot recover.    We have her uncontradicted statement, saying that if she had had any assistance in getting off the train the accident would not have happened to her.    This makes out a case of contributory negligence on her part.

*Anderson & Long* and *Clayton & Clayton*, for appellee.

Carriers of passengers are bound to the use of the utmost care and diligence in providing for the safety of their passengers.    *New Orleans, etc., Ry. Co.* v. *Allbritton*, 38 Miss., 242; *Memphis, etc. Ry. Co.* v. *Whitfield*, 44 Miss., 466.

As to the duty of common carriers in reference to furnishing means of ingress and egress to and from their trains, and furnishing lights to aid passengers in their ingress and egress, and to furnish assistance in entering and alighting from their trains, and their duty to furnish a sufficient number of employes to insure the safety of their passengers, we refer the Court to the following authorities: *Memphis, etc., Ry. Co.* v. *Whitfield*, 44 Miss., 466; 5 Am. & Eng. Ency. Law (2d ed.), 536; note 5, 5 Am. & Eng. Ency. Law (2d ed.), 572; 5 Am. & Eng. Ency. Law, 574 and notes (2d Rapalje & Macks' Digest of Railway Law, 389, secs. 216, 229 and 394); *Yazoo, etc., Ry. Co.* v. *Aden*, 77 Miss., 382; *Louisville, etc. Ry. Co.*, v. *Mask*, 64 Miss., 738; 5 Am. & Eng. Ency. Law (2d ed.), 581 and notes; (2 Rapalje & Macks' Digest of Railway Law, 416, secs. 268, 269, 271, 272, 417.)

Argued orally by *J. Q. Robbins* and *J. W. Buchanan*, for appellant, and by *S. P. Clayton* and *W. D. Anderson*, for appellee.

TERRAL, J., delivered the opinion of the court.

In May, 1901, Mrs. McShan was seriously injured in debarking late at night from appellant's train at Tupelo.    Upon

her cross-examination as a witness, appellant's counsel asked her whether, if her husband had been with her, she could have gotten off safely. She replied, if anybody had been there to help her, she could have done so. Upon this statement appellant insists that she was so feeble that she should have had a special attendant upon the train with her. She was, however, according to the evidence, a woman who attended to all her household duties, not robust, yet not so feeble that she should have had a special attendant for her assistance in getting on and off trains. Upon the night of her injury the moon was in the upper sky, but its light was obscured by clouds to such an extent, according to the testimony, that it was a question before the jury whether her injury was not caused by the want of proper lights on the part of the railroad company, or whether it was an accidental misfortune to plaintiff, without the fault of the company. And whether her injury was caused by the culpable negligence of the company in not having proper lights for her debarkment, or was an unavoidable accident, happening without the fault of the company, was fairly submitted to the jury, and we find no ground in the record for disturbing their verdict. The grievous and insufferable hurt to appellee was so great that appellant makes no complaint of the verdict as to the measure of damages fixed by it, and the rule of law that requires railroad companies to provide lights for the safe debarkation of passengers from its cars supports the finding for the appellee, and we think the verdict should be approved.

*Affirmed.*